**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

```
------------------------------------------------- x
                                                   :
KATHLEEN SUMMA AND JANET                           :
MACINTYRE,                                         :
                                                   :
          Plaintiffs,                              :     Civil Action No. 2:18-1246 DSC
                                                   :
                                                   :
          v.                                       :
                                                   :     Electronically Filed
PPG ARCHITECTURAL                                  :
COATINGS N.A.,                                     :
                                                   :
          Defendant.                               :
                                                   :
------------------------------------------------- X
```

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1.  **Identification of counsel and unrepresented parties**.  Set forth the names,  addresses, telephone and fax numbers and e-mail addresses of each unrepresented  party and of each counsel and identify the parties whom such counsel represent:

| | |
|---|---|
| Joseph H. Chivers (Pa. ID No. 39184)<br>jchivers@employmentrightsgroup.com<br>THE EMPLOYMENT RIGHTS GROUP LLC<br>100 First Avenue, Suite 650<br>Pittsburgh, PA 15222<br>Tel.: (412) 227-0763<br>Fax: (412) 774-1994<br><br>Bruce C. Fox (Pa. ID No. 42576)<br>bruce.fox@obermayer.com<br>OBERMAYER REBMANN MAXWELL & HIPPEL LLP<br>500 Grant Street, Ste. 5240<br>Pittsburgh, PA 15219<br>Tel.: (412) 566-1500<br>Fax: (412) 281-1530<br><br>*Counsel for Plaintiffs* | Christopher Michalski (Pa. ID No. 93236)<br>cmichalski@littler.com<br>Brian M. Hentosz (PA ID No. 317176)<br>bhentosz@littler.com<br>LITTLER MENDELSON, P.C.<br>625 Liberty Avenue, 26th Floor<br>Pittsburgh, PA  15222<br>Tel.: (412) 201-7634/7624<br>Fax: (412) 774-1959<br><br>*Counsel for Defendant* |

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

This is an action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 207(a); the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113; the Age Discrimination in Employment Act of 1967, as amended (ADEA)(29 U.S.C. §621 et seq.); the Pennsylvania Human Relations Act, 43 P.S. §955(d); and, Section 510 of the Employee Retirement Income Security Act (ERISA), as amended, 29 U.S.C. §1001 et seq.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

Counsel for Plaintiffs and Counsel for Defendant conferred via email and telephone on January 31, 2019.  Joseph Chivers participated on behalf of Plaintiffs.  Christopher Michalski and Brian Hentosz participated on behalf of Defendant.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**:

Monday, February 25, 2019, at 10:30 AM.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant  to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be  filed:**

None anticipated at this time. Defendant filed an Answer to Plaintiffs' Amended Complaint on November 27, 2018 (ECF 8).

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties  have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties have chosen mediation as their preferred ADR process.  The mediation will be conducted within 60 days of the case management conference before Judge Kenneth Benson.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:

None.

8. **Subjects on which fact discovery may be needed**:

Plaintiff will conduct fact discovery related to, among other things: (1) the merits of the claims and defenses asserted in this lawsuit; (2) the facts surrounding the decision to terminate Plaintiffs' employment; and, (3) the relevance of Plaintiffs' entitlement to health benefits to Plaintiffs' continuing employment.

Defendant will conduct fact discovery related to, among other things: 1) the allegations in Plaintiffs' Complaint and Defendant's Answer and Additional Defenses; (2) Plaintiffs' medical conditions relevant to their ERISA claims; and, (3) Plaintiffs' hours worked while employed with Defendant.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a.    **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

        March 11, 2019

    b.    **Date by which any additional parties shall be joined:**

        March 27, 2019

    c.    **Date by which the pleadings shall be amended:**

        March 27, 2019

    d.    **Date by which fact discovery should be completed:**

        July 25, 2019

    e.    **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

        N/A

    f.    **Date by which plaintiff's expert reports should be filed:**

        At this time, the parties do not anticipate using experts.

    g.    **Date by which depositions of plaintiff's expert(s) should be completed:**

        At this time, the parties do not anticipate using experts.

    h.    **Date by which defendant's expert reports should be filed:**

At this time, the parties do not anticipate using experts.

**i.**      **Date by which depositions of defendant's expert(s) should be completed:**

At this time, the parties do not anticipate using experts.

**j.**      **Date by which third party expert's reports should be filed:**

At this time, the parties do not anticipate using experts.

**k.**      **Date by which depositions of third party's expert(s) should be completed:**

At this time, the parties do not anticipate using experts.

10.    **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

None.

11.    **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

**a.**      **ESI.** Is either party seeking the discovery of ESI in this case?

■ Yes     ☐ No [If "No," skip to sub-part (e) below.]

**b.**      **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

■    Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by July 25, 2019.

☐    Have developed an ESI discovery plan (as attached).

☐    Will have an ESI discovery plan completed by

☐    NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

**c.**      **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

■ Yes     ☐ No

**d.**   **ADR.**  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

☐   Yes        ■   No

**e.**   **Clawback Agreement**.  The parties have reviewed F.R.C.P. 26(b)(5),  F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

■   Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local  Rules and filed with this Report.

☐   Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

☐   Are unable to agree on appropriate non-waiver language.

**f.**   **EDSM and E-Mediator.**  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
☐   Yes        ■   No

**g.**   **Other**.  Identify all outstanding disputes concerning any ESI issues:

_____
_____
_____

**12.**   **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

a.   Settlement and/or transfer to an ADR procedure;
b.   Dates for the filing of expert reports and the completion of expert discovery  as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected  to defer such discovery until after the Post-Discovery Status Conference;
c.   Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies  thereto and responses to replies should be filed;
d.   Dates by which parties' pre-trial statements should be filed;
e.   Dates by which *in limine* and *Daubert* motions and responses thereto  should be filed;
f.   Dates on which motions *in limine* and *Daubert* motions shall be heard;
g.   Dates proposed for final pre-trial conference;
h.   Presumptive and final trial dates.

Yes, the parties respectfully request a post-discovery status conference with the Court

following the completion of Fact Discovery.

13.    **Set forth any other order(s) that the parties agree should be entered by the court  pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    None at this time.

14.    **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master  and any special qualifications that such master may require to perform such role:**

    The parties do not anticipate the need for a special master.

15.    **If the parties have failed to agree with regard to any subject for which a report is required  as set forth above, except for proposed dates required in paragraph 9, above, briefly set  forth the position of each party with regard to each matter on which agreement has not  been reached:**

    N/A

16.    **Set forth whether the parties have considered the possibility of settlement of the action  and describe briefly the nature of that consideration**:

    Yes, the parties have selected Mediation as the ADR process for this case, as further set forth in the parties' Stipulation Regarding Alternative Dispute Resolution. The parties intend to complete mediation within 60 days of the case management conference

Dated: <u>February 8, 2019</u>

                                            Respectfully submitted,

                                            /s/Joseph H. Chivers
                                            Joseph H. Chivers
                                            jchivers@employmentrightsgroup.com
                                            THE EMPLOYMENT RIGHTS GROUP LLC
                                            100 First Avenue, Suite 650
                                            Pittsburgh, PA 15222
                                            Tel.: (412) 227-0763

                                            Bruce C. Fox
                                            bruce.fox@obermayer.com
                                            OBERMAYER REBMANN
                                            MAXWELL & HIPPEL LLP
                                            500 Grant Street, Ste. 5240
                                            Pittsburgh, PA 15219
                                            Tel.: (412) 566-1500

                                            *Counsel for Plaintiffs*

/s/Christopher Michalski
Christopher Michalski
cmichalski@littler.com
Brian M. Hentosz
bhentosz@littler.com
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
Tel.: (412) 201-7634/7624
Fax: (412) 774-1959

*Counsel for Defendant*